■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BURGESS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered October 19, 1981, convicting him of robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that the trial court erred in failing to issue an alibi charge. We disagree. The defendant neither requested an alibi charge (cf. *People v Baker*, 23 NY2d 307, 325) nor did he except to the failure of the court to render such a charge. This issue was therefore not preserved for our review as a matter of law (see, CPL 470.05 [2]). We further note that the defendant did not, in any event, present any evidence at trial to support a conclusion that he was at some place other than at the scene of the crime at the time of its commission. We therefore decline to exercise our interest of justice discretion. Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARMAUL BUSJIT, Also Known as NORMAN BUSJIT, and THOMAS PATRICK O'SULLIVAN, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Leahy, J.), both rendered July 31, 1984, convicting them of murder in the second degree, conspiracy in the second degree, criminal use of a firearm in the second degree, and criminal possession of a weapon in the second degree, upon jury verdicts, and imposing sentences.

Judgments affirmed.

On appeal, the defendants contend that various comments made by the prosecutor during summation denied them a fair trial. However, the record indicates that virtually none of the comments were objected to, and that they were in fact supported by the evidence at trial. Further, the record does not support the defendants' claim that they were denied effective assistance of counsel (see, *People v Baldi*, 54 NY2d 137). Weinstein, J. P., Niehoff, Kunzeman and Spatt, JJ., concur.